Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

Case: 1:21-cv-02910 Document #: 6-1 Filed: 05/30/21 Page 1 of 5 PageID #:7

FILED
4/29/2021 3:06 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L004410

13143792

**IN THE CIRCUIT COURT OF COOK COUNTY ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| Nur Al Din El Jabali, an individual, | ) |
| Plaintiff, | ) Case No. 2021-L- |
| v. | ) |
| R&L Carriers, a Corporation | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

## COMPLAINT

Plaintiff Nur Al Din El Jabali ("Plaintiff" or "Nur"), by and through his attorney, Michael S. Booher of the Booher Law Firm, P.C., state as follows in support of his Complaint:

### NATURE OF CLAIMS

1. This is an action seeking redress for Disability Discrimination, Failure to Accommodate, and Discrimination based on Plaintiff's Muslim religion and Palastenian National Origin against Defendant R&L Carriers ("Defendant" or "Company") in violation of the Illinois Human Rights Act, 775 ILCS 5/1, 5/2 and 5/6.

### PARTIES

2. Plaintiff Nur Al Din El Jabali ("Nur") is a male, Muslim, Palestinian, disabled individual and a resident of Cook County, Illinois.

3. Defendant R&L Carriers is a corporate entity that does business within Cook County, Illinois.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over Defendants pursuant to 735 ILCS § 5/2-209, because they committed violations of Illinois state law within the State of Illinois, and because the Defendants made a contract of employment with Plaintiff within Cook County, Illinois.

5. Venue is proper in this court pursuant to 735 ILCS § 5/2-101 because Defendant does business within Cook County. Venue is also proper pursuant to 735 ILCS § 5/2-101 because some or all of the transactions out of which this Complaint arise occurred in Cook County.

\29310400.1


Exhibit A

FILED DATE: 4/29/2021 3:06 PM   2021L004410

6. Plaintiff has fulfilled all conditions precedent to the institution of this action by filling charges of disability discrimination, failure to accommodate and national origin / religious discrimination with the Illinois Department of Human Rights ("IDHR"). This Complaint ensues within 90 days of receiving the IDHR's right to sue.

## FACTS COMMON TO ALL COUNTS

7. Plaintiff began his employment with Respondent R&L Carriers in February 2015.

8. Due to his known medical disability, Ulcerative Colitis, Nur required intermittent treatment and hospitalization – which did not impair or prevent performance of his essential job duties. However, Nur did require certain reasonable accommodations due to the accompanying disabling symptoms associated with his disability.

9. After his diagnosis of this disability on April 24, 2019, Plaintiff's application for FMLA leave was approved in May 2019.

10. On June 28, 2019, Plaintiff was rushed by ambulance to the hospital to deal with medical complications, and remained there until July 2. That same day, Plaintiff arrived at work and delivered his physician note to his boss – which cleared him to return.

11. On July 15, Plaintiff used intermittent FMLA leave due to a flare up from his Ulcerative Colitis disability. Although he worked on July 16, his disability again forced him to leave early that day pursuant to his FMLA approved leave.

12. Thereafter, the Company prevented Plaintiff from returning to work based on alleged insufficiency of FMLA paperwork. Rather than work with Plaintiff in the interactive process, and protect his right to FMLA leave, the Company summarily terminated his employment because of his disability with a phone call on July 24, 2019 for the inexplicably pretextual reason of insufficient paperwork.

13. Plaintiff remained a devoted and productive employee during his employment with Defendant, and consistently provided the same or better performance as other similarly situated employees during his tenure.

14. Defendant mistreated and ultimately terminated Complainant because of his disability (Ulcerative Colitis), including perceived disability, on July 24, 2019. Defendant terminated Complainant for allegedly failing to submit FMLA paperwork, and without providing a reasonable accommodation of sufficient time and assistance in that process.

15. In addition to the disability discrimination and failure to accommodate, Defendant also mistreated Plaintiff and ultimately terminated his employment on July 24, 2019 because of his religious affiliation (Muslim) and/or National Origin (Palestenian).

16. Respondent pretextually claimed Plaintiff was terminated for providing insufficient paperwork during his FMLA leave. However, the history of discriminatory comments and treatment based on his religion and national origin evidence the actual discriminatory motive involved.

17. Several incidents against Plaintiff evidence Defendant's bias and refusal to issue corrective action. For example, while Plaintiff was working in his position with Overages, Shortages and Damages in or around early 2017, a supervisor told Plaintiff and other supervisors / employees gathered that "I can't believe they let a Muslim handle dangerous chemicals." The crowd laughed at Nur, humiliating him, and not one employee assisted or sought corrective action on Plaintiff's behalf.

18. In addition, another employee called Plaintiff a "fucking Arab" in front of Bernie Benard (the Supervisor who fired Plaintiff). Mr. Benard failed to report the discrimination or reprimand the individual responsible – thereby acquiescing in the conduct.

19. Defendant's similarly situated employees who are non-Muslim and non-Palestinian received more favorable treatment than Plaintiff during the course of his employment. In addition to the discriminatory comments, there was also a recurring pattern of differential treatment and isolation that his comparables did not suffer.

## Count I: Disability Discrimination

20. Plaintiff restates and realleges the allegations contained in Paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff's Ulcerative Colitis and the associated symptoms constitute a qualified disability under the Illinois Human Rights Act, and was unrelated to his ability to perform his job functions for Defendant during his employment.

22. Defendant treated Plaintiff differently, and worse, than non-disabled employees.

23. In particular, Defendant terminated Plaintiff on July 24, 2019 for alleged insufficiency of FMLA paperwork. However, Defendant never before warned Plaintiff of these alleged deficiencies, and refused to work with him to correct any perceived documentation deficiencies.

24. Defendant's alleged reasons for terminating Plaintiff were pretextual, and was in fact motivated by disability discrimination.

25. Plaintiff has been, and continues to be harmed by Defendant's disability discrimination.

## Count II: Failure to Accommodate Disability

26. Plaintiff restates and realleges the allegations contained in Paragraphs 1 through 25 as though fully set forth herein.

27. Defendant terminated Plaintiff on July 24, 2019 because of his disability, and failed to engage in the interactive process and provide reasonable accommodation while on intermittent FMLA leave. Rather than work with Plaintiff to find accommodation upon his return to work, Defendant summarily discharged him for pretextual reasons.

28. Plaintiff has been, and continues to be harmed by Defendant's failure to provide reasonable accommodation and engage in the interactive process.

### Count III:  Discrimination based on Religion and/or National Origin

29. Plaintiff restates and realleges the allegations contained in Paragraphs 1 through 28 as though fully set forth herein.

30. Defendant discriminated against Plaintiff in his employment because of his Religion and/or National Origin in violation of the Illinois Human Rights Act, culminating in the termination of his employment because of his Religion (Muslim) and National Origin (Palestinian).

31. Plaintiff has been, and continues to be harmed by Defendant's discrimination.

### Prayer for Relief:

WHEREFORE, Plaintiff respectfully requests all available damages and/or equitable relief under Illinois law, including punitive damages, pain and suffering, back pay and front pay, as well as all costs, attorney's fees, statutory damages and penalties, pre and post-judgment interest, and all other remedies the Court deems just and equitable.

Respectfully Submitted:

*/s/ Michael S. Booher*

---
Michael S. Booher
Booher Law Firm, P.C.
22 W. Washington St., Suite 1500
Chicago, IL 60602
312.450.7476
Fax:  312.268.5032
msb@booherlawfirm.com
Illinois Bar No. 6257872
Attorney for Plaintiff Nur Al Din El Jabali
Date:  April 29, 2021

IN THE CIRCUIT COURT OF COOK COUNTY ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

Nur Al Din El Jabali )
an individual, )
 )
           Plaintiff, ) Case No. 2021-L-004410
 )
v. )
 )
R&L Carriers ) JURY TRIAL DEMANDED
a Corporation, )
 )
 )
           Defendant. )

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT

I declare, under penalty of perjury, that I received a copy of the Summons and of the Complaint in the above-captioned matter.

PRINT or TYPE Name: R&L Carriers, Inc.

Relationship to Entity/Authority to Receive Service of Process

_Attorney_

Signature _[signature]_

Date of Signature _5/10/21_